Hilarie Bako (State Bar No. 261527)
Email: hbako@moserlawco.com
MOSER LAW CO. – OF COUNSEL
5757 W. Century Blvd., Suite 700
Los Angeles, California 90045
Telephone: (415) 969-5774
Facsimile: (404) 537-5340


ATTORNEY FOR DEFENDANT
BANK OF AMERICA, N.A.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| EUFEMIA VELASQUEZ,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>BANK OF AMERICA, N.A.,<br><br>　　　　　Defendant. | Case No. 8:18-cv-0132<br><br>NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT<br><br>[28 U.S.C. §§ 1332, 1441(b) and 1446] |

TO THE CLERK OF THE ABOVE ENTITLED COURT:

PLEASE TAKE NOTICE THAT Defendant Bank of America, N.A. ("Defendant") in the action entitled *Eufemia Velasquez v. Bank of America*, Case No. 30-2018-01003246-CU-WT-CJC, in the Superior Court of the State of California for the County of Orange (the "Action"), has removed the Action to the United States District Court for the Central District of California pursuant to 28 U.S.C. § 1332, § 1441, and § 1446.  The grounds for removal are set forth below.

**Jurisdiction**

This Court has original jurisdiction of this action under 28 U.S.C. § 1332 in that it is a civil action between citizens of different states and the matter in controversy exceeds the sum of Seventy-Five Thousand Dollars ($75,000), exclusive of interest and costs.

**Assignment Within District**

Plaintiff filed the Action in the Superior Court of California for the County of Orange. Therefore, the Action may properly be removed to the Central District of California.  28 U.S.C. § 1441(a).  This case should be assigned to the Southern Division.

**Compliance with Statutory Requirements**

1.     On or about July 3, 2018, Plaintiff Eufemia Velasquez ("Plaintiff") commenced this action by filing a Complaint for Damages in the Superior Court of the State of California for the County of Orange, Case No. 30-2018-01003246-CU-WT-CJC, captioned *Eufemia Velasquez, an Individual v. Bank of America, National Association; and DOES 1 through 50, Inclusive* ("Complaint").   Plaintiff seeks to recover damages for alleged: (1) wrongful termination in violation of public policy; (2) disability discrimination in violation of FEHA; (3) retaliation in violation of FEHA; (4) failure to take reasonable steps to prevent discrimination and retaliation in violation of FEHA; (5) failure to accommodate disability in violation of FEHA; (6) failure to engage in the interactive process in violation of FEHA; and (7) a declaratory judgment that Defendant committed the wrongful conduct alleged in the Complaint.  Plaintiff's Complaint seeks injunctive relief, compensatory economic and non-economic damages, punitive damages, attorneys' fees, pre-judgment interest and costs.

2.     Defendant was served with the Complaint on or about July 9, 2018.

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

3.     In accordance with 28 U.S.C. § 1446(a), true and correct copies of the following are attached as follows:

     a.   Attachment 1: Service of Process Transmittal, Summons, and Civil Cover Sheet;

     b.   Attachment 2: Complaint

     c.   Attachment 3: Defendant's Answer

Attachments 1-3 include a complete copy of all process, pleadings, and orders served on or filed by Defendant in the Action to date.

4.     Removal of the Action is timely because it is within 30 days after Defendant was served with the summons and Complaint.  See 28 U.S.C. § 1446(b)(1).

5.     Pursuant to 28 U.S.C. § 1446(d), Defendant will promptly provide written notice of removal of the Action to Plaintiff, and promptly will file a copy of this Notice of Removal with the Clerk of the Superior Court of the State of California for the County of Orange.

## Diversity of Citizenship

6.     The parties to this action are citizens of different states, and were citizens of different states at the time the action was commenced.

7.     Plaintiff was, at the time of the filing of this action, and still is, a citizen of the State of California.  See Compl. ¶ 5.

8.     For diversity purposes, "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  28 U.S.C. § 1332(c); See also Barrow Dev. Co., Inc. v. Fulton Ins. Co., 418 F.2d 316, 317 (9th Cir. 1969) (an allegation of corporate citizenship that discloses "both the state of incorporation and the location of the corporation's principal place of business" satisfies the removal statute's requirement of a "short and plain statement of the facts").  Defendant Bank of America, N.A., at the time of the commencement of the Action and of the filing of this Notice, was and is a citizen of the State of North Carolina (principal place of business) and as a National Association was formed under the laws of the United States.  Defendant is not and was not at the time of commencement of the Action a citizen of California.

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

- 3 -

9. Plaintiff also named 50 "Does" as defendants in this litigation. However, "[f]or purposes of removal . . . the citizenship of defendants sued under fictitious names shall be disregarded." 28 U.S.C. § 1441(a). The Action is therefore brought between citizens of different states under the definition of 28 U.S.C. § 1332.

### Amount in Controversy

10. For removal to be proper, the amount in controversy in the Action, exclusive of interest and costs, must exceed the sum of $75,000 as required by 28 U.S.C. § 1332(a).

11. Plaintiff did not specifically allege the amount in controversy in her Complaint.

12. Where, as here, the allegations in a complaint do not explicitly demonstrate that the amount in controversy exceeds the jurisdictional minimum, the removing defendants need only demonstrate by a preponderance of the evidence that the jurisdictional minimum amount is in controversy. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1107 (9th Cir. 2010); *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 404 (9th Cir. 1996).

13. The amount in controversy is the "amount at stake in the underlying litigation," including any result of the litigation, excluding interests and costs, that "entails a payment" by the defendant." *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648 (9th Cir. 2016) (citation and internal punctuation omitted).

14. Thus, the jurisdictional determination is based on the Court's estimation of the total sum that would be payable to the Plaintiff if she prevailed on all claims for the various forms of relief sought in the Complaint, including compensatory damages, punitive damages, equitable relief, and attorneys' fees. *See Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 700-01 (9th Cir. 2007).

### Back Pay Damages

15. In six separate causes of action, Plaintiff alleges that she has sustained and continues to sustain economic damages in lost earnings and other "tangible employment benefits." *See* Compl. ¶¶ 30, 42, 53, 64, 73, 81.

16. Plaintiff alleges she began a leave of absence on February 16, 2017, which continued until her employment was terminated on February 7, 2018. *See* Compl. ¶¶ 16-22.

17.    When Plaintiff's employment was terminated on February 7, 2018, she was earning $45,136.00 per year, or approximately $868.00 per week.

18.    From approximately June 5, 2017, through the end of her employment, Plaintiff was on unpaid medical leave (35 weeks).  Plaintiff filed this action on July 3, 2018, which is 21 weeks after her employment was terminated.  Thus, at the time of filing, Plaintiff's alleged damages for back pay are approximately $48,608.00 (56 weeks * $868.00/week).  Plaintiff's alleged lost wages will reach the jurisdictional minimum by approximately January 8, 2019.

19.    It is therefore more probable than not that, should Plaintiff prevail in this action, though Defendant denies she is entitled to any relief, her claim for back pay damages alone would satisfy the jurisdictional minimum.  *See, e.g., Winarto v. Toshiba Am. Elecs. Components, Inc.*, 274 F.3d 1276, 1292 (9th Cir. 2001) (reinstating compensatory damages award of $93,000 to FEHA disability discrimination plaintiff who earned $39,000 per year).

**Non-Economic Damages**

20.    In six separate causes of action, Plaintiff alleges that she has suffered "extreme humiliation, embarrassment, depression, sleeplessness, emotional pain, emotional distress, mental anguish loss of enjoyment of life and other loses [sic]."  *See* Compl. ¶¶ 31, 42, 53, 64, 73, 80.

21.    "To establish the amount of emotional distress in controversy, a defendant may introduce evidence of jury verdicts in other cases."  *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012).

22.    In FEHA discrimination cases, verdicts in favor of plaintiffs routinely exceed the jurisdictional minimum.  *See, e.g., Trulsson v. Cty. of San Joaquin Dist. Attorney's Office*, 49 F. Supp. 3d 685, 698 (E.D. Cal. 2014) (approving jury award of $1,546,326 for emotional distress to FEHA plaintiff based on plaintiff's "disappointment that her career ended before she anticipated it would end."); *Cuiellette v. City of Los Angeles*, 194 Cal. App. 4th 757, 760 (2011) (affirming $1,571,500 judgment in favor of FEHA disability discrimination plaintiff).

23.    Accordingly, though Defendant denies she is entitled to any relief, Plaintiff's claims for non-economic damages satisfy the amount in controversy requirement, both individually and in conjunction with her other claimed damages.

**Punitive Damages**

24. In six separate causes of action, Plaintiff alleges she is entitled to punitive damages. *See* Compl. ¶¶ 32, 43, 54, 65, 74, 84.

25. "The amount in controversy may include punitive damages when they are recoverable as a matter of law," including in FEHA actions. *Simmons v. PCR Tech.*, 209 F. Supp. 2d 1029, 1031 (N.D. Cal. 2002) (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001)).

26. Prior jury verdicts jury verdicts "amply demonstrate the potential for large punitive damage awards in employment discrimination cases," thereby satisfying the "burden of showing by a preponderance of the evidence that the amount in controversy should include a punitive damages award." *Simmons*, 209 F. Supp. 2d at 1033 (collecting cases).

27. Accordingly, though Defendant denies she is entitled to any relief, Plaintiff's claims for attorneys' fees satisfy the amount in controversy requirement, both individually and in conjunction with her other claimed damages.

**Attorneys' Fees**

28. In six separate causes of action, Plaintiff alleges she is entitled to attorneys' fees pursuant to Government Code § 12965. *See* Compl. ¶¶ 34, 45, 56, 67, 76, 82.

29. "Where an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998). "When assessing the amount in controversy, the court considers the amount of attorneys' fees to be accrued throughout the entirety of the litigation." *Cain v. Hartford Life & Acc. Ins. Co.*, 890 F. Supp. 2d 1246, 1250 (C.D. Cal. 2012) (citing *Simmons v. PCR Technology*, 209 F.Supp.2d 1029, 1034 (N.D. Cal. 2002)). "The Court can use its discretion to determine, within its own experience, that an award of attorneys' fees alone will satisfy the amount in controversy requirement." *Id.*

30. As the Court observed in another discrimination case, "Although attorneys' fees cannot be precisely calculated, maintaining a [] discrimination claim will undoubtedly require substantial effort from counsel. The court notes that in its twenty-plus years' experience, attorneys' fees in individual discrimination cases often exceed the damages." *Simmons*, 209 F. Supp. 2d at

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

1035.  In other words, "[e]ven a minimal award of attorney's fees would cause the amount in controversy to exceed the jurisdictional minimum." *Cain*, 890 F. Supp. 2d at 1250.  Some FEHA plaintiffs have recovered far more than the jurisdictional minimum.  *See, e.g., Wysinger v. Auto. Club of S. California*, 157 Cal. App. 4th 413, 430 (2007) (affirming attorney fee award of $978,791 to FEHA plaintiff).

31.  Accordingly, though Defendant denies she is entitled to any relief, Plaintiff's claims for attorneys' fees satisfy the amount in controversy requirement, both individually and in conjunction with her other claimed damages.

## Conclusion

32.  Plaintiff's Complaint seeks general damages, special damages, compensatory damages, punitive damages, and attorneys' fees, all in unspecified amounts.  *See* Compl., Prayer for Relief.

33.  Given the claims and allegations in this case, if Plaintiff were to prevail at trial, it is more likely than not that her alleged damages would exceed the jurisdictional minimum identified in 28 U.S.C. § 1332(a).

34.  Based on the foregoing, Defendant has carried its burden of demonstrating by a preponderance of the evidence that the amount in controversy in this matter exceeds the jurisdictional minimum of $75,000.

WHEREFORE, the above-titled Action is hereby removed to this Court from the Superior Court of the State of California for the County of Orange.

Dated: July 30, 2018                              MOSER LAW CO.


                                                  By: */s Hilarie Bako*
                                                      Hilarie Bako

                                                  Attorneys for Defendant
                                                  BANK OF AMERICA, N.A.

NOTICE OF REMOVAL OF CIVIL ACTION
FROM STATE COURT

**PROOF OF SERVICE**

I hereby certify that I electronically filed the foregoing NOTICE OF REMOVAL OF CIVIL ACTION FROM STATE COURT with the Clerk of Court using the electronic filing system and served a copy by U.S. Mail to the following counsel of record:

Brandon Sweeney
The Sweeney Law Firm, APC
15233 Ventura Blvd Suite 500
Sherman Oaks, California 91403

Dated: July 30, 2018                                    MOSER LAW CO.


By: */s Hilarie Bako*
      Hilarie Bako

Attorney for Defendant
BANK OF AMERICA, N.A.